Filed 10/24/23  P. v. Hart CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080958 |
| v. | (Super.Ct.No. FSB035746) |
| DONNELL ANTHONY HART, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Dismissed.

Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Donnell Anthony Hart filed letters requesting that the court strike the prior prison term, prior serious felony conviction, and firearm enhancements attached to his judgment.  The court denied the requests.

1

After defense counsel filed a notice of appeal, this court appointed counsel to represent him. On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising six potentially arguable issues: (1) whether the court unlawfully sentenced defendant on the personal use enhancements attached to his convictions for robbery and being a felon in possession of a firearm; (2) whether the court had jurisdiction to strike the prior serious felony conviction and firearm enhancements; (3) whether the court had jurisdiction to recall and resentence defendant pursuant to Penal Code section 1172.1;[1] (4) whether the court had jurisdiction to strike defendant's prior prison term enhancement, which was based on a felony conviction that had been reduced to a misdemeanor; (5) whether the court had jurisdiction to strike defendant's prior prison term enhancement pursuant to section 1172.75; and (6) whether the prior prison term enhancement could be stricken at any time as an unauthorized sentence.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal for lack of jurisdiction. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

## I. PROCEDURAL HISTORY[2]

On or about September 2, 1999, defendant pled guilty to receiving stolen property under section 496, subdivision (a). The trial court granted defendant three years of probation. (*Hart II*, *supra*, E075912.) After defendant violated his probation on three separate occasions, the court sentenced him to two years in state prison.

On September 17, 2003, a jury found defendant guilty of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 1), two counts of first degree robbery (Pen. Code, § 211; counts 2 & 8), three counts of false imprisonment (Pen. Code, § 236; counts 3, 4, & 5), second degree robbery (Pen. Code, § 211; count 6), and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1); count 7). The jury additionally found true allegations in counts 2, 3, 4, 5, and 8, that a principal was armed with a firearm (Pen. Code, § 12022, subd. (a)), and that defendant personally used a firearm in his commission of the count 6 offense (Pen. Code, § 12022.53, subd. (b)). (*Hart I*, *supra*, E036649.)

The court thereafter found true allegations that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)) and prior prison term (§ 667.5, subd. (b)).[3]

---

[2] We granted defendant's request that we take judicial notice of this court's prior opinions from defendant's appeals from the original judgment (*People v. Hart* (Feb. 15, 2006, E036649) [nonpub. opn.]) (*Hart I*), and from a section 1170.18 petition (*People v. Hart* (Jun. 1, 2021, E075912) [nonpub. opn.]) (*Hart II*)). We shall refer to defendant's underlying conviction in the first appeal as *Hart I* and his underly convictions in the latter case as *Hart II*.

[3] Defendant's prior prison term enhancement was based on his conviction and sentence in *Hart II*.

The court sentenced defendant to a determinate term of imprisonment of 31 years eight months. (*Hart I*, *supra*, E036649.)

Defendant appealed the judgment in *Hart I*. This court affirmed. (*Hart I*, *supra*, E036649.)

On August 21, 2017, a case manager from the California Department of Corrections and Rehabilitation (CDCR) wrote the superior court a letter reflecting that the abstract of judgment in *Hart I* might be in error because it did not include counts 3 and 4, and reflected one-third the term, instead of the full one-year term, on the prior prison term enhancement. On November 14, 2017, the court filed an amended abstract of judgment reflecting counts 3 and 4, but neglected to impose the full, one-year term on the prior prison term enhancement.

On January 31, 2020, defendant filed a petition under section 1170.18 (Proposition 47) to reduce his *Hart II* conviction to a misdemeanor. On August 21, 2020, at the hearing on defendant's petition, the trial court denied the petition. (*Hart II*, *supra*, E075912.)

Defendant appealed. This court reversed the order, remanding the matter to the trial court to determine the value of the stolen property that was the subject of defendant's conviction. (*Hart II*, *supra*, E075912.) On July 30, 2021, the trial court granted defendant's request to reduce his conviction in *Hart II* from a felony to a misdemeanor.

4

On September 22, 2020, defendant filed a letter requesting that the court strike the firearm enhancements in *Hart I*. The court appointed counsel for defendant and repeatedly continued the matter pursuant to defense counsel's requests. On November 4, 2021, the People filed opposition to defendant's request contending that the court's correction of the abstract of judgment did not bestow jurisdiction upon it to grant further relief, and that, contrary to defendant's arguments, the court properly imposed the enhancements. On February 4, 2022, the court requested formal briefing from the parties before it would rule.

On March 10, 2022, defendant filed a request that the court strike his prior prison term, prior serious felony conviction, and firearm enhancements in *Hart I*. On June 14, 2022, the People filed opposition to defendant's request contending that the court lacked jurisdiction to grant the relief requested because defendant's judgment was final. On July 29, 2022, defense counsel filed a reply to the People's opposition maintaining that the court had broad discretion to strike the enhancements. After several continuances, defendant filed his own reply to the People's opposition, relying on the CDCR's letter as the basis for the court's jurisdiction to grant him the relief requested.

At a hearing on March 14, 2023, defense counsel requested the court strike the prior prison term, prior serious felony, and firearm enhancements. The People argued the court lacked jurisdiction to grant the relief requested because defendant's judgment was final: "Defendant was sentenced over 18 years ago. The Court no longer has jurisdiction, and the defendant has no standing to request this motion on his own." The

5

court denied the requests, but denied the request with respect to the prior prison term enhancement without prejudice.

## II. DISCUSSION

Because defendant's judgment in *Hart I* was final when Proposition 47 took effect, the court was without jurisdiction to grant his *personally* filed motion to strike his prior prison term enhancement. (*People v. Buycks* (2018) 5 Cal.5th 857, 896.) Section 1171.1, which was enacted by Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), was signed into law in October 2021, and became effective on January 1, 2022. It provides another procedure by which *the CDCR* may notify the sentencing court of a person in their custody who is serving a term from a judgment that includes a section 667.5 enhancement. (§ 1171.1, subd. (b).) This notification vests the trial court with jurisdiction to review the judgment and recall and resentence. (§ 1171.1, subd. (c).) While section 1171.1 applies to both final and *nonfinal* judgments, it does not include a provision permitting defendants to *personally* file motions seeking resentencing. (§ 1171.1, subd. (b).)

Therefore, because the court had no jurisdiction to act upon the defendant's *personally* filed request; because the CDCR's letter to the superior court was sent long before both the Governor signed Senate Bill No. 483 into law and the date that law became effective; and because the CDCR's letter did not recommend the striking of the section 667.5, subdivision (b) enhancement, the court below had no jurisdiction to act on that portion of defendant's requests. Thus, similarly, this court does not have jurisdiction

6

to hear the appeal. (*King*, *supra*, 77 Cal.App.5th at p. 639 ["A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable . . . ."].) With respect to all other aspects of the appealed order, we decline to exercise our discretion to independently review the matter. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.)

## III. DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

7